**UNITED STATES of America ex rel. John RAMOS, Appellant,**

v.

**Warren PINTO, Warden.**

**No. 18392.**

United States Court of Appeals, Third Circuit.

Submitted April 6, 1970.

Decided May 15, 1970.

John Ramos pro se.

James A. Tumulty, Jr., Prosecutor of Hudson County, Jersey City, N. J., for appellee.

Before SEITZ and ALDISERT, Circuit Judges, and LATCHUM, District Judge.

## OPINION OF THE COURT

SEITZ, Circuit Judge.

This appeal is from an order of the district court denying without a hearing a petition for a writ of habeas corpus challenging a 1967 New Jersey conviction for possession of narcotics.

After exhausting his state remedies, petitioner filed this action in the district court asserting that two glassine packets of heroin that were admitted at trial against him were the product of an unconstitutional search and seizure.[1] Al-

---

1. The only rebuttal to this claim in the 87-word "Argument" section of the state's brief is contained in the following remarkable sentence: "The grounds alleged by Petitioner to support his petition for writ of Habeas Corpus do not reach constitutional dimensions, but are mere appealable errors, and may not be reviewed by a federal court in a Habeas Corpus proceeding." This statement, of course, is unmistakably erroneous. It is beyond question that one may raise on federal habeas corpus a claim that unconstitutionally seized evidence was used at a state criminal trial. See Frazier v. Cupp, 394 U.S. 731, 89 S.Ct. 1420, 22 L.Ed.2d 684 (1969); Mancusi v. DeForte, 392 U.S. 364, 88 S.Ct. 2120, 20 L.Ed.2d 1154 (1968); Warden, Md. Penitentiary v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967).

though petitioner here attacks a conviction for possession of narcotics, the evidence in question was seized in a search incident to his warrantless arrest for different violations: failure to have his narcotics offender registration card in his possession (N.J.Stat.Ann. § 2A:-169A–1 *et seq.*) and being under the influence of a narcotic drug (N.J.Stat. Ann. § 2A:170–8). Petitioner asserts that the search was unconstitutional because the arresting officers had no probable cause to believe either offense was committed and because both statutes under which he was originally arrested are unconstitutional. It is helpful to keep in mind that petitioner is not challenging a conviction under either of the statutes which were used to justify the search and seizure. Thus, the only question before us is the legality of the arrests under those statutes.

The district court reviewed the transcript of the state court suppression hearing and concluded that the writ should not issue. We agree with the district court.

The arresting officers testified at the suppression hearing that they were riding in a police car when they saw petitioner, a known narcotics offender registered pursuant to the New Jersey statute, sitting on the front steps of a house in Hoboken. They approached him and one of them demanded that he produce his narcotics offender registration card. After a short discussion petitioner failed to produce his card and was arrested for a violation of N.J.Stat.Ann. § 2A:-169A–4.[2] Meanwhile, the other officer, with long experience on the narcotics squad, was observing the petitioner and noticed what he stated to be classic symptoms of narcotics intoxication: "the pinpointing of the eyes, the semi-

stimulant state, inability to concentrate, no alcohol [on his breath], the puncture mark on his arm still bleeding, older marks * * *." He further testified that on noticing these symptoms he placed petitioner under arrest for being under the influence of a narcotic drug, searched him, and found packets of heroin in his trouser pockets. Petitioner was subsequently convicted for possession of that heroin.

Petitioner testified to a vastly different set of facts surrounding the arrest, but the state judge resolved the credibility issue in favor of the state's witnesses and held that there had been probable cause to believe that both statutes had been violated. The district court concluded that the "trial judge's determination was entirely consistent with the evidence." We agree with his determination of this issue. We cannot say that the transcript considered as a whole shows that the factual determinations by the state judge are not fairly supported by the record. 28 U.S.C. § 2254(d).

█ Petitioner has argued to the state courts, the district court, and in this court that the New Jersey statute making it a crime to be under the influence of a narcotic drug is unconstitutional. The only theory he suggests is that his right against self incrimination as described in Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966) was violated because of the visual examinations of his physiological symptoms and responses made by the arresting officers and later by a police doctor at police headquarters.[3] This argument is without merit. *Schmerber* teaches that where there is "[n]ot even a shadow of testimonial compulsion upon or enforced communication by the ac-

---

2. " * * * [E]very such person so registered shall carry with him such card of identification and any failure to do so or to present the same, when so requested by a police officer, shall be deemed to be a violation of this act."

3. Petitioner does not suggest here that the statute inflicts a cruel or unusual punish-

ment by penalizing him for a status or disease over which he has no control. See Powell v. Texas, 392 U.S. 514, 88 S.Ct. 2145, 20 L.Ed.2d 1254 (1968); Robinson v. California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962). Moreover, the record does not show that petitioner urged such a theory upon the state courts or upon the district court.

cused" there is no self incrimination. Id. at 764–765, 86 S.Ct. at 1832. Moreover, we fail to see how the *post-arrest* examination by the police doctor, even if we assume it involved self incrimination, has a bearing on the legality of petitioner's arrest, which is the only issue before us on this petition.

Petitioner argues that the narcotics offender registration statute is unconstitutional. The district court declined to rule on this question since it believed the search could be justified as incident to the valid arrest for being under the influence of a narcotic drug. We find petitioner's arguments against the registration statute most interesting but are convinced that the approach of the district court on this issue is the only one appropriate. We say this because even if we were to find the registration statute unconstitutional, we believe the search and seizure of the heroin would not thereby be rendered illegal. The search would still be valid as incident to the lawful arrest for the other violation. We are hesitant to reach the important constitutional issues raised by the registration statute in a case where we find that the result does not turn on the validity of that statute.

 Petitioner argues, however, that a search incident to an arrest for two statutes, one valid and one invalid, should be considered an unconstitutional search requiring the exclusion of any evidence so obtained. We decline to adopt such a rule. The purpose of the exclusionary rule of Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L. Ed. 652 (1914) and Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961) is to deter unlawful police practices by depriving law enforcement officials of any benefit derived from such practices (e.g., use of illegally seized evidence at trial). The hope is that removal of the incentive to engage in such

practices will cause the practices themselves to cease. Where the evidence in question is lawfully obtained by an arrest under one statute, the police have, in fact, received no benefit from a simultaneous arrest under an illegal statute and the evidence need not be excluded. Here, the arrest for being under the influence of a narcotic drug was lawful, and the search and seizure may be supported on that ground.[4]

The judgment of the district court will be affirmed.

---

4. The facts do not show that the police observation of petitioner's symptoms was the "fruit of a poisonous tree," even if we assume the registration statute is invalid. No illegal trespass was involved. The police merely walked up to petitioner as he was sitting on the front step of a house; they could surely do this without any probable cause and without relying on the registration statute.